IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SELENA FLYTHE,<br><br>                Plaintiff,<br><br>    v.<br><br>SOLOMON AND STRAUSS, LLC;<br>JOHN DOE, a/k/a INVESTIGATOR<br>BROWN,<br><br>                Defendants. | Civil Action<br><br>No. 09-6120 |

June 7, 2011

## MEMORANDUM

Plaintiff Selena Flythe moves the court for a default judgment against defendants Solomon and Strauss, LLC, and John Doe, a/k/a Investigator Brown. For the reasons that follow, I will (1) dismiss defendant John Doe, unless plaintiff shows cause for her failure to effect proper service, and (2) grant plaintiff's motion in part, entering a default judgment against defendant Solomon and Strauss, LLC, for damages in an amount to be determined at a later hearing.

## I. Background[1]

On January 4, 2010, plaintiff Selena Flythe, proceeding *in forma pauperis*, filed a complaint alleging that defendants Solomon and Strauss, LLC, and John Doe, a/k/a Investigator Brown, violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, by the phone calls they placed to Flythe and her family. Plaintiff served the complaint and summons on defendants on May 15, 2010. Defendants failed to respond to the complaint. On October 8, 2010, plaintiff moved for a default judgment seeking damages in the amount of $4,970.00, and notified defendants by certified mail. Defendants have once again failed to respond.

## II. Discussion

This court has jurisdiction pursuant to 28 U.S.C. § 1331 because the cause of action arises under 15 U.S.C. § 1692(k). Venue is proper under 28 U.S.C. § 1391(b)(2) because the events giving rise to plaintiff's cause of action transpired in this judicial district.

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter, upon application to the court by a party, a default judgment in cases where the defendant is not "an infant or incompetent person." A district court may not enter a default judgment unless it is satisfied that it has personal jurisdiction over the defendant. A prerequisite to

---

[1] Since defendants have not filed any pleadings in this case, the facts are derived from plaintiff's complaint.

the court's acquiring personal jurisdiction over the defendant is proper service on the defendant of the summons and complaint.[2] *Grand Entm't Grp. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993). Consequently, default judgments cannot be entered against unnamed or fictitious parties because they have not been properly served. *Checkpoint Sys. v. Castleton Enter.*, No. 5:10-CV-128, 2010 U.S. Dist. LEXIS 41993, at *4 (N.D. Ohio Apr. 29, 2010) ("[A]n entry of default against the unidentified defendants . . . is improper"); *Redmond v. Leatherwood,* No. 06-C-1242, 2009 U.S. Dist. LEXIS 9745, at *5 (E.D. Wis. Jan. 29, 2009) (asserting that the court will not enter default or judgment by default as to parties who have not yet been identified and properly served with process); *Miller v. Underwood*, No. 4:06-CV-116, 2007 U.S. Dist. LEXIS 6079, at *1 (W.D. Mich. Jan. 26, 2007) (holding it is improper and unworkable to issue a default judgment against unnamed parties).

---

[2] In the instant case, service of plaintiff's complaint did not conform to Fed. R. Civ. P. 4(m) because defendants were not served until 131 days after the complaint was filed, and it may be that service did not technically conform to Fed. R. Civ. P. 4(h) because of the manner in which process was effected. However, here, the district court granted plaintiff leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(d); therefore, it was the district court's responsibility to serve process on all defendants. *See* Fed. R. Civ. P. 4(c)(3). The Third Circuit has held that where a party is proceeding *in forma pauperis*, the party should not be penalized for untimely or insufficient service. *Welch v. Folsom*, 925 F.2d 666, 669-70 (3d Cir. 1991); *see also Young v. Quinlan*, 960 F.2d 351, 359 (3d Cir. 1992) (abrogated on other grounds) (holding that plaintiff proceeding *in forma pauperis* should not be penalized for failure to effect service where it failed through no fault of his own). Consequently, any defect in service of process does not preclude granting plaintiff's motion in this case.

In the instant case, plaintiff seeks a default judgment against both the named defendant—Solomon and Strauss, and the unnamed defendant—John Doe. Since filing her complaint, plaintiff has not sought leave to amend in order to substitute the identity of unnamed defendant John Doe. Pursuant to 15 U.S.C. § 1692(k)(d), the statute of limitations for a cause of action under the Fair Debt Collection Practices Act expired one year after the violation occurred, which, at the latest, would have been December 11, 2010. Plaintiff has not identified defendant John Doe within the time prescribed by statute.[3] Accordingly, plaintiff is directed to show cause within 14 days as to why she has failed to effect service or the unnamed defendant will be dismissed from this case without prejudice. Fed. R. Civ. P. 4(m).

When entertaining a motion for default judgment, a district court should examine three factors that control whether the motion should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). In this case, plaintiff will be prejudiced if default is not entered. Plaintiff filed her complaint over 16 months ago, and has invested significant time in the proceedings. Defendant Solomon and Strauss has failed to respond in any way. Additionally, as Solomon and Strauss has not submitted any responsive pleadings,

---

[3] Since plaintiff did not attempt to add the real name of the unnamed defendant to her complaint, it is not necessary to determine whether such an amendment would fall within the statute of limitations by relating back under Fed. R. Civ. P. 15(c).

the court must assume it has no litigable defense. *See Spencer v. Frank*, No. 88-1413, 1990 WL 99110, at *1 (E.D. Pa. 1990) (assuming where plaintiff failed to respond to defense's contention, that plaintiff has no cognizable responsive defense). Finally, since Solomon and Strauss has not responded to the complaint, summons, or motion for default judgment, the delay is without explanation, and this court is unable to determine whether it is the result of culpable conduct. Accordingly, I grant plaintiff's motion for default judgment against Solomon and Strauss.

Plaintiff submitted an affidavit with her motion for entry of default judgment that includes an itemized estimate of damages. The court finds that a hearing is necessary to determine the proper amount of damages since it is not a sum that can be made certain by computation. *See* Fed. R. Civ. P. 55(b)(2) (when entering a default judgment, a court may conduct a hearing to determine the amount of damages).

### III. Conclusion

For the foregoing reasons, it is hereby ordered and directed that: (1) unless plaintiff can show cause within 14 days, defendant John Doe, a/k/a Investigator Brown, is dismissed from this case without prejudice; (2) plaintiff's motion for entry of default judgment is granted in part; and (3) damages will be awarded in amount to be determined at an evidentiary hearing. An order scheduling the time and date of the evidentiary hearing will be filed shortly.